ITEM CO., LTD., v. LI ROCCHI

(November 13, 1928. Opinion and Decree.)
(November 26, 1928. Rehearing Refused.)

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff and appellant.

Paul L. Fourchy, of New Orleans, attorney for defendant and appellee.

JANVIER, Judge ad hoc. Dr. LiRocchi, a veterinarian in New Orleans, owed the Item Company $264.56 for certain business advertisements. The Item Company obtained judgment against him and issued a fi. fa. No property was found and Dr. LiRocchi was examined as to his assets. This examination took place on the 16th of February, 1928, and disclosed that Dr. Li Rocchi was the owner of a 1927 Dodge car, an old Ford truck, and certain office furniture. On the 18th of February, 1928, Dr. LiRocchi, in a notarial act passed before Josiah Gross, Notary Public, transferred to his sister, Mrs. Josephine Eckert, for a consideration of $750.00, all of the assets disclosed by the examination which we have referred to above.

After considerable search, the sheriff, together with the attorneys for the Item Company, located the Dodge automobile and seized it; whereupon Mrs. Josephine Eckert produced to the sheriff an affidavit to the effect that she was the owner of the car. A rule was taken against Mrs. Eckert by the Item Company to set aside her affidavit and to declare that the automobile seized was the property of Dr. LiRocchi. The trial court held that the evidence did not show that the sale was simulated and dismissed the rule.

The sole question involved is whether or not the so-called sale from Dr. LiRocchi to Mrs. Eckert was simulated. If it was a bona fide sale it cannot be set aside.

At the outset, we may say that the entire transaction is tainted with suspicion and is pregnant with suspicious circumstances.

The fact that a notarial act was employed, where no formal document was necessary, in itself leads to the belief that there must have been some desire to prepare evidence to meet an impending demand.

As to Dr. LiRocchi, we say without hesitation that the sole purpose he had in mind was to place his property where it could not be reached by his creditor, and if the setting aside of the sale did not involve the possible rights of Mrs. Eckert, it would not be necessary to go beyond this point. However, if the sale was a valid one, and if Mrs. Eckert did actually pay the purchase price to Dr. LiRocchi in cash, whatever his intention may have been, we would find ourselves unable to deprive Mrs. Eckert of property for which she in good faith may have paid cash. However, it does not appear that Mrs. Eckert was acting in good faith.

The property which she purchased consisted of a Dodge coupe, an old Ford truck and some office furniture theretofore used by a veterinarian. That she had no use for these things is best shown by the fact that she never used the truck at any time, that she never used the furniture and office fixtures at any time, and that she allowed Dr. LiRocchi to use the Dodge coupe whenever he needed it. This we get from her own testimony. In fact she admits that she left all of these things in possession of Dr. LiRocchi.

Another suspicious circumstance is that she did not recall whether she had paid $700.00 or $750.00 for the articles supposed to have been purchased.

She states in her testimony that Dr. Li Rocchi told her he needed a few dollars

and that she produced cash out of her pocket to the extent of $700.00 or $750.00 and bought his assets.

Then, again, let us remember that she states that she did not know how far the car she was buying had been run, and in fact she showed very little knowledge of it at all. She was familiar with automobiles, having owned three other cars, yet knew so little about the Dodge car that she did not know what shift it had. In this connection we think that the trial court was plainly in error in excluding evidence as to the shift, as the evidence was certainly relevant to test the credibility of the witness, whose cerdibility was under attack.

The circumstance which to our minds is absolutely conclusive, however, that this pretended sale was concocted between Dr. LiRocchi and his sister for the purpose of defeating the rights of the creditor, in the fact that, long before the seizure was made, Mrs. Eckert prepared an affidavit for the purpose of releasing the expected seizure. This affidavit was in Dr. LiRocchi's possession at the time of the seizure, which was on the 19th day of March, 1928, the affidavit having been prepared on February 24, 1928.

To our minds the whole transaction shows conclusively that the pretended sale was in fact no sale at all. It was merely a scheme between Dr. LiRocchi and his sister for the purpose of preventing the execution of the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and that there now be judgment setting aside the affidavit made by Mrs. Josephine Eckert.